UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY WAYNE ADAMS,

        Petitioner,        Case No. 1:11-cv-393

v.        Honorable Robert J. Jonker

WILLIE SMITH,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the Court lacks subject-matter jurisdiction.

**Factual Allegations**

Petitioner Barry Wayne Adams presently is incarcerated at the Carson City Correctional Facility. He currently is serving a prison term of two years and one month to eight years, imposed by the Calhoun County Circuit Court on March 5, 2007, after Petitioner was convicted by a jury of failing to pay child support, MICH. COMP. LAWS § 750.165. Petitioner, however, does not seek to challenge his conviction for failing to pay child support. Instead, he challenges his October 30, 2007 jury conviction for possession of marijuana, MICH. COMP. LAWS § 333.7403(2)(d), which has now expired. In that case, Petitioner was sentenced by the Calhoun County Circuit Court on November 29, 2007, to a jail term of 210 days, with 44 days of credit for time served. (Judg. of Sentence, Attach. to Pet., Page ID#61.) The sentence was ordered to run concurrently with his ongoing sentence for failure to pay child support. (Cir. Ct. Docket Sheet, Attach. to Pet., Page ID#53.)

Petitioner appealed to both the Michigan Court of Appeals and Michigan Supreme Court, and he sought reconsideration in both courts. The Michigan Supreme Court denied reconsideration on September 9, 2010. Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on April 18, 2011. On December 8, 2010, Petitioner filed a motion for relief from judgment in the state circuit court raising additional issues. That motion remains pending. He filed the instant federal habeas petition on April 14, 2011.

**Discussion**

To the extent Petitioner seeks to challenge his 2007 conviction for possession of marijuana, this Court is without subject matter jurisdiction to grant habeas corpus relief. Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a § 2254 habeas petition be filed when a person is "in

custody" for that conviction "in violation of the Constitution or laws or treaties of the United States." Ordinarily, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). In the present case, Petitioner's sentence completely expired on May 13, 2008, the date on which he was his term of sentence was completed. Under *Maleng*, the mere fact that he may face collateral consequences from the 2007 conviction for possession of marijuana, such as the possibility in a future conviction of a sentencing enhancement as a habitual offender, does not render him "in custody" under the 2007 conviction.

In addition, Petitioner does not fall within the exception to *Maleng* discussed by the Supreme Court in *Garlotte v. Fordice*, 515 U.S. 39 (1995). In *Garlotte*, the Court held that, "for purposes of habeas relief, consecutive sentences should be treated as a continuous series . . . . [A petitioner] "remains 'in custody' under all of his [consecutive] sentences until all are served, and . . . [he] may attack the conviction underlying the sentence scheduled to run first in the series" even after serving that sentence. *Id.* at 41 (citing *Peyton v. Rowe*, 391 U.S. 54 (1968)). Here, Petitioner's sentence for possession of marijuana was not consecutive and may not be considered part of the same series as his sentence for failing to pay child support. The possession sentence was imposed months after Petitioner child-support sentence, and it was made to run concurrently with that offense. Although Petitioner continues to be incarcerated on the child-support sentence, the possession-of-marijuana conviction has no effect on the length or condition of Petitioner's child-support sentence. *See Wilson v. Straub*, 27 F. App'x 454, 456 (6th Cir. 2001) (holding that "one ceases to be in custody after one's sentence has fully expired and there is no showing of present restraint flowing from that

conviction"); *King v. Bell*, No. 98-5997, at *2 (6th Cir. July 27, 2000) (recognizing that the more liberal reading of "in custody" applies only to sufficiently related offenses such that the sentence for which the prisoner remains incarcerated remains affected by the expired conviction). Petitioner therefore is not "in custody" for purposes § 2254.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because the Court lacks subject-matter jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   May 4, 2011                        /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE